CLERK'S OFFICE ... COURT
FILED
JAN 3 1 2006
JOHN F. CORCORAN CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke   Division

KEVIN JOHNSON, No. 185792,

Civil Action No. 7:05cv00728

JERRY KILGORE, et als.,                                      Defendants.

MOTION TO DISQUALIFY JUDGE JACKSON KISER AND TO
VACATE KISERS ORDER AND JUDGMENT

Plaintiff Kevin Johnson, pro se, hereby moves to disqualify Judge Jackson Kiser and pursuant to F.R.Civ.P. 60(b)(3),(4) and (6) to vacate his order entered on January 4, 2006 denying plaintiffs' motion to return venue to the United States District Court for the Eastern District of Virginia (USDCEOVa), and plaintiff moves under F.R.Civ.P. 60(b)(3),(4) and (6) to vacate Kiser's judgment entered on January 6, 2006 dismissing this action, because:

1.      This plaintiff has previously criticized Judge Jackson Kiser via suit brought in federal court outside the fourth circuit, charging Kiser with racial and personal bias against plaintiff, his prisoner and racial class. Also plaintiff charged Kiser with unconstitutional extrajurisdictional corruption and complicity with state officials to cover up and ~~protect~~ preserve conditions of racist abuse of Black prisoners (and plaintiff specifically) in Virginia by shutting them out of the courts; showing racially, politically and personally motivated favoritism towards state officials who are sued before him by prisoners, and Blacks (plaintiff specifically) for unconstitutional abuses Kiser's favoritism taking the form of his appointing counsel to represent state defendants from the states largest and most influential law firm (vis, the state attorney generals office) which has no standing or interest to defend against such suits, while forcing Black resourceless prisoners to fend for themselves in prosecuting their litigations. Plaintiff personally mailed a copy of that suit to Judge Kiser during its pendency and brought formal complaints against Kiser. Overall, plaintiff has criticized Judge Kiser. See Exhibit A - relevant excerpts of the said lawsuit.

2.      For reasons stated in ¶1 above, Kiser as a matter of due process of law is deemed unconstitutionally biased and could not adjudicate any matters - especially dispositive issues - concerning this plaintiff, and clearly has a personal interest to prevent this plaintiff's action from proceeding in this court. Kiser further demonstrated actual personal, racial and political bias against plaintiff in his January 6, 2006 judgment (see arguments set out in his Motion to Alter or Amend Judgment herewith, adopted by reference). Kiser's deciding issues in this case under circumstances where he is disqualified from doing so as a matter of constitutional law is extrinsic fraud and his January 4, 2006 order and January 6, 2006 judgment are therefore void ab initio.

3       Kiser departed from every conceivable legal norm and governing principle of law in his handling this case, from the fact of his presiding despite being constitutionally disqualified, to his distorting and blatantly lying in reconstructing the facts underlying plaintiffs' claims, to deliberately avoiding all relevant substantive laws under which plaintiff had clearly stated valid claims for relief, to his making such false characterizations of ~~said~~ plaintiff's claims and the relevant law and precluding plaintiffs' being allowed to himself assert the actual factual and legal bases of his own claims before Kiser dismissed his action, etc. Thus, as a matter of clear constitutional law Kiser was disqualified at the outset based upon his probable bias stemming from plaintiffs' prior criticisms of him, and furthermore, Kiser demonstrated actual bias and ~~xxxx~~ predesigns to sabotage this plaintiffs' action by proceeding despite disqualification, and then using blatant lies

1

and deliberate disregard for existing laws governing standards for reviewing cases under the 'failure to state a claim upon which relief may be granted' ~~standard~~ standard, and the very substantive laws under which plaintiff's claims do indeed state bases for relief and which entitled plaintiff to be heard *before* his case was dismissed.

Plaintiff swears to the truth of the foregoing under penalty of perjury.

## MEMORANDUM IN SUPPORT

Judges like Kiser who have been the targets of criticism by parties cannot adjudicate matters related to such parties as a matter of due process of law. "Not only is a biased decisionmaker constitutionally unacceptable but our system of law has always endeavored to prevent even the probability of unfairness. In pursuit of this end, various situations have been identified in which experience teaches that the probability of actual bias on the part of the judge ... is too high to be constitutionally tolerable. Among these cases are those in which the adjudicator ... has been the target of ... criticism from the party before him." *Withrow v. Larkin*, 421 U.S. 35, 47 (1975).

This plaintiff has clearly been critical of judge Kiser in complaints and prior litigations, thus constitutionally disqualifying Kiser from adjudicating any matters related to this plaintiff. That Kiser outrightly ignored this constitutional limit on his powers evidences his disregard of the very fundamental laws that he's supposed to uphold and protect, and the fact that Blacks and prisoners (*both* racially suspect classes) like plaintiff are in actuality without any rights before the white monopolized U.S. courts. Federal courts "have the solemn responsibility ... to guard enforce and protect every right granted or secured by the constitution of the United States." *Zwickler v. Koota*, 389 U.S. 241, 247-248 (1967).

F.R.Civ.P. 60(b)(3),(4) and (6) requires a court to relieve a party of an order or judgment for reasons of fraud (intrinsic or extrinsic), such order or judgments' being void, or any other reason justifying relief. The court specifically defined instances of extrinsic fraud as when " a judge sits when disqualified ...." *Powell v. Comm.*, 133 Va. 741, 754 (1922) (*citing* *U.S. v. Throckmorton*, 98 U.S. 61, 25 L.Ed. 93). Thus, the order of January 4, 2006 and judgment of January 6, 2006 were both procured by extrinsic fraud. ~~xxxx~~ And all "judgments procured by extrinsic fraud ... is void and subject to attack ..." *Jane v. Willard*, 277 Va. 602, 607 (1983). And the manner in which Kiser treated plaintiff's claims and acted out a clear intent to sabotage this action certainly justifies relief from his order and judgment.

THEREFORE, judge Kiser should be disqualified and a different and impartial judge should vacate Kiser's January 4, 2006 order and January 6, 2006 judgment.

Respectfully Submitted,

Kevin Johnson, no. 185492
Red Onion State Prison
P.O. Box 1900
Pound, Va. 24279

2