IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

KEVIN JOHNSON, NO. 185492, Plaintiff,
VERSUS                                Civil Action No. 3:01-MC-56(JGM)
MCI WORLDCOM, INC. (MCI),
    SERVE AT: 1133 19TH ST., N.W.
                WASHINGTON, D.C. 20036
RICHMOND NEWSPAPERS, INC. (RNI),
BILL MILLSAPS, RNI, EDITORIAL CHIEF,
    SERVE AT: RNI
                333 E. GRACE ST.
                RICHMOND, VA. 23219
(JACKSON KISER), U.S. DISTRICT JUDGE,
GLEN CONRAD, U.S. MAGISTRATE JUDGE,
    SERVE AT: U.S. DISTRICT CT. W. DISTRICT OF VA.
                210 FRANKLIN RD., S.W.
                ROOM 308
                ROANOKE, VA. 24011
HARRY CARRICO, CHIEF JUSTICE, VIRGINIA SUPREME COURT,
    SERVE AT: 100 N. 9TH ST.
                RICHMOND, VA. 23219
ROBERT J. STUMP, JUDGE, WISE COUNTY CIRCUIT COURT (WCCC),
FORD C. QUILLEN, JUDGE, WCCC,
J. JACK KENNEDY, JR., CLERK, WCCC,
    SERVE AT: WCCC
                206 E. MAIN ST.
                P.O. BOX 1248
                WISE, VA. 24293
SUZANNE K. FULTON, JUDGE, WISE COUNTY GENERAL DISTRICT COURT (WGDC),
JEAN SPARKS, CLERK, WGDC,
    SERVE AT: WGDC
                P.O. BOX 829
                WISE, VA. 24293
JAMES GILMORE, VIRGINIA GOVERNOR (PAST),
MARK WARNER, VIRGINIA GOVERNOR (PRESENT),
    SERVE AT: GOVERNOR'S MANSION
                RICHMOND, VA. 23219
CORRECTIONAL MEDICAL SERVICES, INC. (CMS),
    SERVE AT: 12647 OLIVE BOULEVARD
                ST. LOUIS, MO. 63141
THEODORE J. MARKOW, JUDGE, RICHMOND CITY CIRCUIT COURT (RCCC),
    SERVE AT: RCCC
                400 N. 9TH ST.
                RICHMOND, VA. 23219
MARK EARLEY, VIRGINIA ATTORNEY GENERAL (VAG)(PAST),
RANDOLPH BEALES, VAG (PRESENT),
PAMELA SARGENT, ASSISTANT VAG,
CHRISTOPHER HILL, ASSISTANT VAG,
    SERVE AT: OFFICE OF THE VAG
                900 E. MAIN ST.
                RICHMOND, VA. 23219
DAVID BOFFZNER, ATTORNEY,
HEATHER KOFRON, ATTORNEY,
WRIGHT, ROBINSON, OSTHIMER & TATUM (WROT),
    SERVE AT: 411 E. FRANKLIN ST.
                RICHMOND, VA. 23219

FILED DEC 5 3 57 PM '01 U.S. DISTRICT COURT NEW HAVEN, CONN.

RECEIVED
NOV 30 2001
U.S. DISTRICT COURT
NEW HAVEN, CONN.

EXHIBIT A

26. THIS PHONE SYSTEM CARRIES EXTREME AND UNJUSTIFIABLY HIGH EXPENSE RATES FOR CALL RECIPIENTS AND MONITORS AND RECORDS ALL CALLS, THUS DISCOURAGING OTHERWISE WILLING CALL RECIPIENTS FROM ACCEPTING CALLS FROM PLAINTIFF OR OPENLY AND FREELY COMMUNICATING WITH PLAINTIFF AND HE WITH THEM VIA TELEPHONE, AND THEREFORE THEY WILL NOT ALLOW HIM TO CALL THEM. ALSO, IN ORDER TO ACCEPT SUCH CALLS CALL RECIPIENTS HAVE TO DISCLOSE TO PRISON OFFICIALS THEIR TELEPHONE NUMBERS (EVEN IF UNLISTED) AND OTHER PERSONAL INFORMATION WHICH ALSO DISCOURAGES THOSE WHO WOULD OTHERWISE COMMUNICATE WITH PLAINTIFF FROM ACCEPTING HIS CALLS.

27. THE MCI TELEPHONE SYSTEM ALSO COMPLETELY BARS ALL OUT-OF-COUNTRY CALLS WHICH PREVENTS PLAINTIFF FROM COMMUNICATING WITH MANY WILLING RELATIVES AND ASSOCIATES WHICH HE HAS IN OTHER COUNTRIES AND ESPECIALLY UNLETTER AND YOUNG ONES WHO CANNOT ARTICULATELY WRITE, OR READ, OR THOSE FOREIGN TO WRITTEN OR SPOKEN ENGLISH.(AND WHO SPEAK LANGUAGES WHICH PLAINTIFF CAN SPEAK BUT NOT WRITE.) ALL CALLS ON THIS SYSTEM ARE ARBITRARILY LIMITED TO FIFTEEN (15) MINUTES AT WHICH TIME THEY ARE AUTOMATICALLY TERMINATED.

28. FOR THESE REASONS PLAINTIFF IS AND HAS BEEN FOR MANY YEARS UNABLE TO COMMUNICATE BY PHONE, OR AT ALL, WITH THE AFOREDESCRIBED PEOPLE. PRIOR TO THE IMPLEMENTATION OF THE MCI PHONE SYSTEM PLAINTIFF AND ALL OTHER VDOC PRISONERS WERE ABLE TO USE THE SAME PHONE SYSTEM AVAILABLE TO THE PUBLIC - PLAINTIFF HAS NEVER MISUSED THE TELEPHONE SYSTEM. IN CONJUNCTION WITH THE CONDITIONS SET OUT IN CLAIM XXII IN ATTACHMENT A AND CLAIM 47 INFRA THE SAID TELEPHONE SYSTEM FUNCTIONS TO NEARLY TOTALLY SEVER PLAINTIFF'S CONTACTS WITH PERSONS OUTSIDE OF PRISON WHO DESIRE TO COMMUNICATE WITH PLAINTIFF AND HE WITH THEM - I.E. PRIVATE PERSONS.

## CLAIM 25

29. CONSISTENT WITH THE PERVASIVE TREND IN SOUTHEASTERN AND MANY OTHER FEDERAL COURTS (ESPECIALLY THOSE WITHIN AND AROUND THE FOURTH CIRCUIT) OF ALSO PERPETUATING AND MAINTAINING A TRADITIONALLY WHITE SUPREMACIST STATUS QUO (CONSISTENT WITH THAT DESCRIBED IN CLAIM I IN ATTACHMENT A) FEDERAL JUDGES IN SUCH LOCALE WHO HAVE BEEN CONFRONTED BY PLAINTIFF'S ATTEMPTS TO PRESS HIS RIGHTS AND CHALLENGE SUCH STATUS QUO HAVE ACTED IN DEPARTURE OF JURISDICTION, COMPLETELY IGNORED ESTABLISHED LAWS AND MOTIONS OF PLAINTIFF'S WHICH PROVE FAVORABLE TO HIM, PERMIT EX PARTE DEFENSE FILINGS OF NONSENSIVE, NONPRIVILEGED PAPERS FOR THE STATED SOLE PURPOSE OF PREVENTING PLAINTIFF'S BEING HEARD IN OPPOSITION TO THEM AND THUS DEFEATING THEIR CONTENT - ALL SO TO PREVENT PLAINTIFF FROM PREVAILING UPON SUCH ACTIONS AND PRECLUDE HIM FROM FILING OR LITIGATING SUCH CLAIMS WHEN PLAINTIFF PROVES CAPABLE OF EXPOSING THE IMPROPRIETIES OF AND NEARLY HANDS DOWN DEFEATING THE DEFENSES OF ACTUAL ATTORNEYS WHO THESE COURTS FAVOR. IN FACT THESE COURTS INCLUDING KISER AND CONRAD PERMIT SUCH ATTORNEYS (E.G. DEFENDANTS WROT, BOELZNER, KOFRON, SARGENT, HILL AND THEIR FIRMS' COLLEAGUES) TO APPEAR AND DEFEND IN PLAINTIFF'S ACTIONS FOR DEFENDANTS WHO ARE NOT THEIR OWN CLIENTS; CONDUCTING FRIENDLY, COLLUSIVE AND FEIGNED DEFENSES AT THE BEHEST OF THOSE ACTIONS' DEFENDANTS' CORPORATE OR STATE EMPLOYERS.(SUCH ATTORNEYS THUS LACKING ANY STANDING TO CONDUCT SUCH DEFENSES AND THOSE COURTS LACKING JURISDICTION TO ENTERTAIN THEM WHERE PROMPTED BY NONPARTIES.)

30. ON NOVEMBER 17, 2000 PLAINTIFF MAILED OUT HIS ENTIRE COMPLAINT WHICH IS ENCLOSED HEREWITH AS ATTACHMENT A WHICH WAS RECEIVED IN THE VIRGINIA FEDERAL COURTS AND ROUTED TO THE WESTERN DISTRICT COURT TO DEFENDANTS KISER AND CONRAD, BY AN EASTERN DISTRICT JUDGE WHO SOUGHT TO AVOID HAVING HIMSELF TO ADDRESS THE POLITICALLY UNCOMFORTABLE CLAIMS THEREIN RAISED AND EVEN THOUGH PLAINTIFF MADE CLEAR THAT HE COULD NOT BE AFFORDED FAIR PROCEEDINGS IN THE WESTERN DISTRICT. SO TO DISPOSE OF THAT ACTION KISER AND CONRAD REFUSED TO EVEN ACKNOWLEDGE THAT PLAINTIFF HAD SUED ANY BUT TWO DEFENDANTS IN THAT CASE (WHEREAS SIXTY-SEVEN [67] DEFENDANTS WERE CLEARLY NAMED AS DEFENDANTS), THEY THEN FALSELY CHARGED

PLAINTIFF SUA SPONTE WITH HAVING INCURRED "THREE STRIKES" UNDER 28 U.S.C. §1915(g), IGNORING HIS CONSTITUTIONAL CHALLENGE TO §1915(g), REFUSING ALSO NOTWITHSTANDING THAT PROVISION TO WAIVE FILING FEE REQUIREMENTS WHERE "FUNDAMENTAL INTERESTS ARE AT STAKE", AND REFUSING TO EVEN ISSUE PROCESS ON DEFENDANTS THUS ADVOCATING DISPOSING OF THE ACTION UPON GROUNDS OF A NONJURISDICTIONAL NATURE AND SUBJECT TO WAIVER BY THE DEFENDANTS, AND CONSIDERING ACTIONS IN OTHER PROCEEDINGS NOT PUT INTO EVIDENCE. THESE JUDGES AS WELL AS OTHERS DO NOT WISH TO ALLOW PLAINTIFF TO INITIATE ACTIONS IN THEIR COURTS BECAUSE THEY DO NOT WANT HIM TO ENFORCE TRUE EQUAL TREATMENTS OF BLACKS OR TO DRAW ATTENTION TO THE RACIST NATURE OF THE GOVERNMENT SYSTEMS WHICH THEY SUPPORT. ALSO, THEY DISMISSED HIS COMPLAINT (ATTACHMENT A) UNDER §1915(g) DESPITE HIS EVIDENCING HIMSELF TO BE UNDER IMMINENT RISK OF SERIOUS PHYSICAL INJURY.

31.   IN TWO OTHER ACTIONS WHICH PLAINTIFF HAD PREVIOUSLY BROUGHT WITH THE WESTERN DISTRICT OF VIRGINIA'S FEDERAL DISTRICT COURT STYLED JOHNSON V. TRAYLOR, ET ALS., CIVIL ACTION NO. 7:99-CV-CO566 AND JOHNSON V. TRUE, ET ALS., CIVIL ACTION NO. 7:00-CV-CO352 (FILED IN 1999 AND 2000) DEFENDANT KISER EXPRESSLY FOUND THAT PLAINTIFF HAD STATED IN BOTH CASES VALID CONSTITUTIONAL CLAIMS, AND DENIED DEFENSE SUMMARY JUDGMENT AND SET BOTH CASES FOR JURY TRIAL UPON PLAINTIFF'S DEMAND THEREFOR AND HIS PRAYER FOR RELIEF IN DAMAGES IN EXCESS OF $20.00. (THE TRUE CASE HAD OVER THIRTEEN VIABLE CLAIMS SET FOR TRIAL.) IN BOTH ACTIONS KISER AND CONRAD ENTERTAINED FAVORED DEFENSES (EXTRAJURISDICTIONAL) BY ATTORNEYS — BEEZNER, KOFRON, SARGENT — WHO HAD NO STANDING WHATSOEVER TO TO APPEAR AND DEFEND IN THOSE ACTIONS FOR DEFENDANTS. (NONE OF WHOM WERE EITHERS' CLIENT.) WHEN IT BECAME OVERWHELMINGLY CLEAR THAT PLAINTIFF HAD THE CAPACITY TO PREVAIL IN THOSE ACTIONS, AND HE CONTINUALLY UNSURFACED CLEARLY REVERSIBLE ACTS OF THESE JUDGES, KISER SUBSEQUENTLY DISMISSED BOTH ACTIONS UPON THE FALSE "THREE STRIKE" BASIS, IGNORED PLAINTIFF'S ENTITLEMENT NOTWITHSTANDING TO PROCEED UPON WAIVER OF FILING FEES WHERE "FUNDAMENTAL INTERESTS [INCLUDING HIS JURY TRIAL RIGHT] WERE AT STAKE", AND IGNORED HIS CONSTITUTIONAL CHALLENGE TO §1915(g). INDEED IN TRUE PLAINTIFF SOUGHT AND HAD PENDING AT THE TIME OF DISMISSAL MOTIONS FOR CONTEMPT CITATIONS, SANCTIONS AND DEFAULT WHERE DEFENSE ATTORNEY HAD CONTINUALLY DISOBEYED COURT ORDERS AND DEFAULTED (BEING UNABLE EVEN IN DEFAULT TO RAISE ANY HONEST VIABLE DEFENSES) TO PLAINTIFF'S PREJUDICE, AND IT BECAME CLEAR THAT THE COURT HAD NO OPTION IN LAW BUT TO GRANT THOSE MOTIONS.

CLAIM 26

32.   ON OCTOBER 28, 2000 PLAINTIFF WAS SUFFERING DEHYDRATION, SEVERE WEIGHT LOSS AND WEAKNESS AS A RESULT OF THE MEDICAL CONDITION DESCRIBED IN CLAIM XIII (ATTACHMENT A). AS A RESULT PLAINTIFF CONTINUALLY PLEADED WITH DEFENDANT JONES TO CONTACT MEDICAL STAFF TO GIVE HIM MEDICAL AID — JONES REFUSED EVEN THOUGH PLAINTIFF WAS IN OBVIOUS DISTRESS. PLAINTIFF, UNDER SEVERE DURESS, SUFFERING AND DESPERATION PLACED HIS ARM PASSIVELY INTO THE CELL DOOR'S FOOD ACCESS HATCH — AT NO TIME BEING BELLIGERENT OR THREATENING — AND CONTINUED TO ENTREAT JONES TO OBTAIN MEDICAL AID FOR PLAINTIFF. AT THAT POINT JONES CONTINUING TO REFUSE TO CONTACT MEDICAL PROCEEDED TO ELECTROCUTE PLAINTIFF ON HIS ARM WITH A DEADLY 50,000 VOLT ELECTRIC WEAPON. JONES IS SPECIFICALLY TRAINED NOT TO USE SUCH WEAPONS ON PRISONERS' BODILY EXTREMETIES DUE TO THIS HAVING DEADLY POTENTIAL CONSEQUENCES. DEFENDANT LPN JOHNSON AND/OR HOBBS THEN CAME TO PLAINTIFF'S ASSIGNED CELL IN RESPONSE TO THE WEAPON'S USE, OBSERVED PLAINTIFF'S PHYSICAL DISTRESS YET REFUSED HIM ANY AID FOR HIS DETERIORATED CONDITION.

CLAIM 27

33.   ON NOVEMBER 19, 2000 PLAINTIFF, ENDURING THE SAME OBVIOUS DISTRESS AND SUFFERING AS DESCRIBED IN ¶32 SUPRA SOUGHT OF DEFENDANT GOINS TO CONTACT MEDICAL STAFF, WHO REFUSED. PLAINTIFF THEN, IN LIKE DESPERATION PLACED HIS ARM ON THE OPEN FOOD ACCESS HATCH PLEADING FOR MEDICAL AID IN THE SAME MANNER AS

THEREFORE, PLAINTIFF SEEKS THE FOLLOWING RELIEF:

A. COMPENSATORY, PUNITIVE, PRESUMED, SPECIAL, AND NOMINAL DAMAGES AGAINST EACH DEFENDANT JOINTLY AND SEVERALLY IN SUCH SPECIFIC SUM (IN EXCESS OF $20.00) AS A JURY FINDS APPROPRIATE;

B. JUDGMENT DECLARING PLAINTIFF'S RIGHTS AND RELATIONS WITH DEFENDANTS AND THEIR VIOLATIONS THEREOF;

C. INJUNCTIVE RELIEF (TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION) AS FOUND APPROPRIATE;

D. PRE AND POST-JUDGMENT INTEREST;

E. ANY FURTHER AND ADDITIONAL RELIEF FOUND APPROPRIATE HEREIN.

SUBMITTED BY,

*[signature]*

KEVIN JOHNSON, NO. 185492
WALLENS RIDGE STATE PRISON
P.O. BOX 759
BIG STONE GAP, VA. 24219

City/County of Wise
Commonwealth of Virginia
Subscribed and sworn before me
this 20th day of November, 20 01, by
*[signature]*
Notary Public
My Commission Expires 2/29/04

19