CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED-for
RKs
FEB 07 2006
JOHN F. CORCORAN, /CLERK
BY: HMcDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| KEVIN JOHNSON,<br>Plaintiff, | Civil Action No. 7:05cv00728 |
| v. | **MEMORANDUM OPINION & ORDER** |
| JERRY KILGORE, et al.,<br>Defendants. | By: Jackson L. Kiser<br>Senior U.S. District Court Judge |

This matter is before the court upon plaintiff Kevin Johnson's motions to disqualify the undersigned and to alter or amend judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[1] By order entered December 21, 2005, the court denied Johnson's motion to transfer venue[2] and, by order entered January 6, 2006, Johnson's complaint was dismissed pursuant 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Johnson now argues that this court improperly denied his motion to change venue to the Eastern District of Virginia, that the court misapplied the law in dismissing his claims, and that the undersigned is involved in a cover-up with state employees regarding Johnson's claims. Upon review of the present motions, I conclude Johnson is not entitled to any relief.

Rule 60(b) permits the court to relieve a party from a final judgment, order, or proceeding for reasons of mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Such relief is an extraordinary remedy and should only be invoked on a showing of exceptional

---

[1] Docket entries 11, 12, and 13.

[2] Johnson originally filed his complaint in the United States District Court for the Eastern District of Virginia. However, on November 28, 2005, the case was transferred to this court as Johnson is incarcerated in the Western District of Virginia and all events giving rise to his claim arose in this district.

1

circumstances. Dowell v. State Farm Fire and Cas. Auto Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). Additionally, "inadvertence, ignorance of the rules, or mistakes construing the rules" and delays caused by the postal service do not usually constitute 'excusable' neglect. Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 533-34 (4th Cir. 1996) (quoting Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993)). However, the purpose of Rule 60(b) is not to rehash those issues which have already been addressed in an earlier ruling. CNF Constructors, Inc. v. Dohohoe Construction Co., 57 F.3d 395, 401 (4th Cir. 1995).

Johnson has failed to suggest any circumstances which warrant relief. Johnson has not alleged any of the factors listed in Rule 60(b) which would support granting relief. Rather, Johnson attempts to argue that this court misapplied the law in refusing to transfer his case and in dismissing the matter. And, as the court has previously and extensively addressed Johnson's claims, I find that relief under Rule 60(b) is not appropriate. Id.

Further, although Johnson purports that the undersigned is involved in a conspiracy with state employees to "cover up and preserve the conditions of racist abuse" against him, he has failed to present any evidence of the alleged conspiracy. Rather, Johnson's claims focus on decisions rendered by this court in Johnson's other civil matters. Accordingly, the court finds Johnson's allegations are nothing more than the baseless claims of a dissatisfied litigant.[3]

Based on the foregoing, Johnson's motions to disqualify the undersigned and alter or amend judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure are **DENIED**.

The Clerk of the Court is directed to send certified copies of this order to plaintiff and

---

[3]The court notes that the United States District Court for the Eastern District of Virginia found that Johnson's claims against the undersigned were "unsubstantiated accusations" having neither any basis in law or in how his previous complaints have been handled. See Docket Entry 3.

2

counsel of record for the defendants.

ENTER: This 7th day of February, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge